FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 29 2015

TIM RHODES
COURT CLERK
30

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

BRICKTOWN CAPITAL, LLC
d/b/a KNIGHTS INN
Plaintiff

v.

ASPEN SPECIALTY INSURANCE COMPANY
Defendant

Case No. CJ-2015-3065

**PETITION**

COMES NOW Plaintiff, Bricktown Capital, LLC d/b/a Knights Inn, and for cause of action against the Defendant, Aspen Specialty Insurance Company, states as follows:

**PARTIES**

1. Plaintiff, Bricktown Capital, LLC d/b/a Knights Inn, is a domestic LLC business licensed and doing business in the City of Oklahoma City, in Oklahoma County and a citizen of the State of Oklahoma.

2. Defendant, Aspen Specialty Insurance Company (ASPEN) is a foreign corporation duly organized and licensed under the laws of the State of Massachusetts and at all times material hereto, doing business in the State of Oklahoma, and may be served with process by serving its registered agent for service, the Oklahoma Insurance Department, Five Corporate Plaza, 3625 N.W. 56th Street, Suite 100, Oklahoma City, Oklahoma, 73112.

**JURISDICTION**

3. The property that was insured and is the subject of the instant suit is located in Oklahoma County, Oklahoma, and this Court has proper jurisdiction and venue.

Exhibit 1

14.     Defendant failed to reasonably investigate the exterior of the Property. As a result of Defendant's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair the exterior damage.

15.     The damage to the interior of the Property was extensive. Despite the fact that all of the interior damage sustained during the May 31, 2013 storm event was covered under the Policy, Defendant failed to conduct a thorough interior inspection and document all of the interior damage. As a result of Defendant's unreasonable investigation, Plaintiff was wrongly denied the full cost to repair the interior damage of the Property. Defendant also denied Plaintiff the cost for construction cleanup, debris removal, a job permit, business interruption, and temporary utilities, although all of the cost was covered under the Policy.

16.     Defendant was presented with an estimate to repair the damages caused by the loss in question from a contractor. ASPEN refused to allow coverage for the full scope of damages caused by the subject loss. ASPEN's denial was done intentionally, with the intent to pay less on the claim than what was owed under the policy. As a result, ASPEN underpaid the claim, and Plaintiff was left without insufficient funds to properly repair the damage caused by the subject loss.

17.     Additionally, ASPEN's payment, which was less than the amount of the covered damages owed under the policy, was conditioned on Plaintiff signing a proof of loss. ASPEN has since breached its duty of good faith and fair dealing by denying it owed more money on the claim because Plaintiff signed the proof of loss. ASPEN's breach was intentional because it knew Plaintiff did not agree with the amount ASPEN would pay on the claim and only signed the proof of loss as required by ASPEN to receive payment.

18. Defendant did not allow for the cost of overhead and profit although it was reasonable likely that the repairs would require the services of a general contractor. At the time of the investigation of Plaintiff's claim, not allowing for overhead and profit when repairs reasonably likely required the services of a general contractor was a part of a pattern and practice of Defendant ASPEN.

19. Defendant performed a poor investigation, failing to identify covered damage to the roof, exterior, and interior of the home, and falsely concluded that the loss did not meet the deductible. Defendant conducted an unreasonable investigation, wrote an estimate, and prematurely closed the file.

20. Defendant failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in Defendant ASPEN underpaying Plaintiff's claim and denying at least a portion of the claim, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

21. Furthermore, Defendant ASPEN underpaid Plaintiff's claim by not providing full coverage for the damages to Plaintiff's home sustained by a covered event under the Policy, as well as under-scoping the damages during its investigation.

22. To date, Defendant ASPEN continues to delay in the payment for the damages to the Property. As such, Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

23. Defendant ASPEN failed to perform its contractual duty to adequately compensate Plaintiff under terms of the policy. Specifically, Defendant ASPEN failed and refused to pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to

recovery upon the Policy had been carried out and accomplished by Plaintiff. Furthermore, ASPEN failed to perform its contractual duty under the policy to have the amount of loss determined by the appraisal provision of the policy. Defendant ASPEN's conduct constitutes a breach of the insurance contract between Defendant ASPEN and Plaintiff. Such conduct constitutes multiple violations of the Oklahoma Insurance Code.

24.     Defendant ASPEN misrepresented to Plaintiff the severity of Plaintiff's damage and that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Furthermore, Defendant ASPEN misrepresented the scope of damages sustained to the exterior of the Property. Defendant misrepresented to Plaintiff that the appraisal provision in the policy could not be invoked and refused to participate in appraisal, thus depriving Plaintiff of the benefits of resolving the amount of loss through the appraisal clause of the policy.     Defendant, ASPEN also misrepresented to Plaintiff that by signing a proof of loss, which was required to receive payment on the claim, prepared by ASPEN's adjuster that no further proceeds were available under the policy and that Plaintiff had settled his claim. The conduct of Defendant ASPEN constitutes a violation of the Unfair Settlement Practices. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

25.     The contract in question provides for appraisal in the event there is a dispute about the amount of loss. On October 20, 2014, Plaintiff invoked the appraisal clause of the relevant policy and named Mr. Gary Wiener as its designated appraiser. On November 17, 2014, defendant denied the request for appraisal notwithstanding it being a contractual term. Part of defendant's denial was, as represented by counsel for defense, that Mr. Doug

Johnson estimated the total damages to the property less than the amount paid by the insurance company. This is a misrepresentation of fact. Defendant's failure to participate in appraisal is a breach of the contractual agreement in this matter.

26.     Defendant ASPEN failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

27.     Defendant ASPEN failed to explain to Plaintiff the reason for the offer of an inadequate settlement. Defendant failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. ASPEN wrongfully represented to Plaintiff that by signing a proof of loss, Plaintiff settled the claim and no further payments would be made. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(2).

28.     Defendant ASPEN failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant ASPEN. Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

29.     Defendant ASPEN refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant ASPEN failed to conduct a reasonable investigation.

Defendant's conduct constitutes violations of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.5(4).

30. Defendant ASPEN failed to meet its obligations under the Oklahoma Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

31. Defendant ASPEN failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Oklahoma Unfair Claims Settlement Practice Act. Okla. Stat. Ann. tit. 36, § 1250.6 and 1250.7.

32. As a result of ASPEN's underpayment of policy benefits, Plaintiff was unable to make the proper repairs. As a result, portions of the property were uninhabitable and Plaintiff lost business income as a result. Ultimately, Plaintiff was forced to sell the property at a loss.

## CAUSES OF ACTION

## I. BREACH OF CONTRACT

33. Plaintiff incorporates paragraphs 1 through 32 herein.

34. At the time of the May 20, 2013, incident, Plaintiff had in place a policy issued by Defendant ASPEN. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant ASPEN is therefore in breach of the contract of insurance issued to Plaintiff.

35. Defendant ASPEN's conduct constitutes a breach of contract resulting in damages to the Plaintiff.

**II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

36. Plaintiff incorporates paragraphs 1 through 35 herein.

37. The conduct of Defendant ASPEN constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

38. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**III. CONSTRUCTIVE FRAUD AND NEGLIGENT MISREPRESENTATION**

39. Plaintiff incorporates paragraphs 1 through 38 herein.

40. Defendant, ASPEN made various representations to Plaintiff regarding their windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false. ASPEN also made representations that by signing a proof of loss prepared by its adjuster, which was required before ASPEN would issue any payment, Plaintiff could not recover further benefits under the policy and constituted a settlement of the claim. ASPEN also misrepresented to Plaintiff that the appraisal provision of the policy was unavailable and refused to participate in appraisal. At the time ASPEN made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. ASPEN made these representations with the intent that the Plaintiff acted on them by not further

pursuing claims or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

41. On November 17, 2014 and December 17, 2014 Defendant made misrepresentations of material facts. Defendant represented that Doug Johnson's estimate of damages was less than what Defendant estimated. In Mr. Johnson's original estimate he estimated damages in excess of one million dollars. Mr. Johnson currently opines that the covered damages are estimated at $1,318,047.50. It is unreasonable for defendant to make coverage decisions regarding Plaintiff's claims that are not based on facts.

## IV. KNOWLEDGE AND INTENT

42. Plaintiff incorporates paragraphs 1 through 41 herein.

43. Each of the acts described above, together and singularly, was done knowingly and with flagrant disregard of Oklahoma law and general fair business practice. Defendants' actions were not only so common as to constitute a general business practice, but were a direct producing cause of Plaintiff's damages described herein.

44. The conduct of Defendant was in reckless disregard of Plaintiff rights because Defendant was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to Plaintiff. Defendant's conduct was unreasonable under the circumstances because there was a high probability that its conduct would cause serious harm to Plaintiff, and because Defendant's acts were wrongful and done intentionally without just cause or excuse.

## V. WAIVER AND ESTOPPEL

45. Plaintiff incorporates paragraphs 1 through 44 herein.

46.     Defendant ASPEN has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VI. DAMAGES

47.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

48.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorneys' fees, which in sum is an amount greater than $75,000.00, exclusive of interest and costs.

49.     For breach of the duty of good faith and fair dealing, Plaintiff is entitled to its actual damages which are in excess of $75,000.00, plus exemplary damages as to be determined by the jury.

50.     For constructive fraud and negligent misrepresentation, Plaintiff sustained financial losses, mental and emotional distress in an amount in excess of $75,000.00, exclusive of attorneys' fees, costs, and interest.

51.     Attorneys' fees, interest, and costs as allowed by Oklahoma law.

WHEREFORE, premises considered, Plaintiff, Bricktown Capital, LLC d/b/a Knights Inn, prays it recovers damages, attorneys' fees, interest, and costs, which together are in excess of $75,000.00, and for such other and further relief the Court finds equitable and proper.

**JURY TRIAL DEMANDED.**

**ATTORNEYS' LIEN CLAIMED.**

Dated this 29TH day of **May, 2015.**

Clint Brasher, OBA #31798
BRASHER LAW FIRM
P.O. Box 223
Beaumont, TX 77704
409/832-3737
409/832-3838 (Fax)
clint@brasherattorney.com

- and –

Brent D. Berry, OBA #18013
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK 73159
405/234-2110
405/234-2128 (Fax)
bberry@carrcarrokc.com

**ATTORNEYS FOR PLAINTIFF**